I must respectfully dissent as I conclude that Appellant demonstrated a genuine issue of material fact as to the cause of the accident. The record reflects that Brown Road where the accident occurred was a narrow, chip and seal country road that runs in an east-west direction. Brown Road has an area where the road forms an S-curve. Prior to the S-curve there is a hill. Appellee had previously erected an S-curve warning sign there but it was missing the night in question. There was no warning of the configuration of the road.
Appellant testified that on the night of the accident, he was traveling east on Brown Road. Appellant had never been on Brown Road before and did not know the configuration of the road. Appellant was traveling no faster than the speed limit of 55 m.p.h. Appellant testified that as he came up over the hill he could not see very far ahead of him as the hill blocked visibility where Brown Rd. forms a S-curve. Appellant also indicated that it was dark as it was in the early morning hours and there were no street lights. Appellant was unable to negotiate the left curve. He lost control and left the roadway.
According to the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways (attached to Appellee's motion for summary judgment and Appellant's brief in opposition to summary judgment), section 2B-4 "Classification of Signs", signs are separately classified as regulatory signs, guide signs, or warning signs. Both parties agreed that the S-sign is a warning sign. The function of a warning sign is to "call attention to conditions in or adjacent to highway or street that are actually or potentially hazardous to traffic operations." Id.
The fact that Appellant testified he did not know what caused him to leave the traveled portion of the highway is relatively meaningless. The cause of the accident may be inferred from all the circumstances set forth in the record. See, e.g., Miller v. Adamson dba Adamson's BufordGrocery Store (Sep. 16, 1996), Brown App. No. CA96-02-0007, unreported ("This is not a case where the plaintiff has no idea, beyond pure speculation, how her accident happened."). The record reveals that there was a left curve at the top of a hill on a dark, narrow country road. There was no warning of this approaching S-curve because the warning sign was removed. Appellant's motorcycle left the road precisely where the S-curve was located. A genuine issue of material fact exists as to whether the lack of warning to Appellant of the approaching S-curve was the proximate cause of the accident. Accordingly, I dissent.